# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LESLIE HAYNES, on her own behalf, and RUTH DAVIS, on behalf of HERSELF and all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO.: 2:11-CV-2586-RDP |
| v. ) ) | |
| SANTANDER CONSUMER USA, INC. and DRIVE FINANCIAL SERVICES, LP, ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | |

## AMENDED NATIONWIDE CLASS ACTION COMPLAINT

This is a nationwide class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against defendants Santander Consumer USA, Inc. ("Santander") and Drive Financial Services, LP ("Drive") (hereinafter collectively referred to as "defendants"). Leslie Haynes ("Haynes"), on her own behalf, and Ruth Davis ("Davis"), on behalf of herself and all others similarly situated, seek redress for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protections Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and breach of contract as set forth herein. In addition, Ms. Haynes also seeks

compensatory and punitive damages for defendants' violations of Alabama's common law as set forth herein.

## PARTIES

1. Plaintiff Leslie Haynes is an adult resident citizen of Jefferson County, Alabama. Ms. Haynes currently resides in the City of Birmingham in Jefferson County, Alabama.

2. Plaintiff Ruth Davis is an adult resident citizen of Shelby County, Alabama. Ms. Davis currently resides in the City of Hoover in Shelby County, Alabama.

3. Santander is an Illinois corporation with its principal office located in Dallas, Texas. Santander has conducted business in Jefferson and Shelby Counties in Alabama during the time period pertinent to the allegations in this complaint. Santander is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

4. Drive is an automobile finance company with its principal office located in Dallas, Texas. Drive has conducted business in Jefferson and Shelby Counties in Alabama during the time period pertinent to the allegations in this complaint.

## JURISDICTION AND VENUE

5. This class action is based in part on the FDCPA. Accordingly, federal question jurisdiction exists pursuant to 28 U.S.C. §1331. Supplemental jurisdiction over the other claims exists under 28 U.S.C. §1367.

6. Venue is proper under 28 U.S.C. §1391, since the events giving rise to the named plaintiffs' claims occurred within this judicial district and division and since defendants are subject to the personal jurisdiction of this Court.

7. Defendants' wrongful activities were directed by or on their behalf in this jurisdiction. Plaintiffs' rights were damaged or impaired in this jurisdiction, and significant damages and losses were suffered in this jurisdiction.

## NATURE OF THE CASE

8. This is a class action on behalf of Ms. Davis and a class of all others similarly situated against defendants.

9. Santander is one of the largest subprime automobile servicing companies in the world. It services loans it owns and loans owned by others. For example, it purchased in 2010 approximately $3.2 billion of subprime loans from Citigroup and also agreed to service $7.2 billion in loans that

continued to be owned by Citigroup. The purchase from Citigroup was only one of a number of loan portfolios Santander purchased. Santander also originates loans through Drive and others. It is owned by the largest bank in Spain.

10. Drive is an automobile finance company and with Santander provides full-spectrum auto lead and lending programs on direct and indirect platforms.

11. Defendants' routine business practices include buying subprime loans originated by others and then intentionally engaging in unlawful harassment of the acquired customers in order to improve the collections beyond that experienced by the predecessor company. Defendants engage in the same unlawful harassment of customers on loans they service for others and loans they originate themselves. It is a very lucrative but unlawful business plan.

12. Santander is so eager to harass its customers that its numerous calls each day to various phones, including cell phones, routinely begin long before the grace period for the payment in question runs. For example, for loans due on the 1st with a 10 day grace period through the 10th, Santander's harassing calls begin on or about the 2nd.

13. Defendants willfully, knowingly, regularly, and routinely charge and collect fees not authorized by the contracts, including collecting late fees when payments were not late and "repo fees" unrelated to any expense of repossession. Their conduct in assessing undue fees is so enthusiastic that upon acquiring new loans or service arrangements Santander routinely goes back and retroactively assesses unlawful fees pertaining to time periods long before it had anything to do with the loans, adding the fees to the then current bill. In some cases this occurs years after the purported event, which never in fact even occurred.

14. Defendants routine business practices also include the use of prerecorded and artificial voice systems willfully and intentionally directed to cell telephones.

15. Santander's business practices are so outrageous that it has a rare "F" rating with the Better Business Bureau in Dallas, its headquarters' city.

**FACTUAL ALLEGATIONS AS TO PLAINTIFF HAYNES**

16. In approximately July 2007, Ms. Haynes purchased a Used 2004 BMW 325i ("the vehicle") from Adamson Ford in Birmingham, Alabama.

17. Ms. Haynes financed the vehicle through Drive.

18. Approximately one (1) year after purchasing the vehicle, Ms. Haynes began receiving telephone calls from Santander attempting to collect an alleged outstanding balance on the vehicle note.

19. Since that time, Ms. Haynes has received numerous harassing and misleading telephonic communications from Santander's agents attempting to collect upon the alleged debt.

20. Santander has repeatedly misled and deceived Ms. Haynes as to the actual balance owed on the vehicle note.

21. Santander has also attempted to coerce and embarrass Ms. Haynes into making additional payments by repeatedly calling Ms. Haynes an excessive number of times with the intent to harass and by discussing the alleged debt with various third parties, including Ms. Haynes' family members and friends.

22. Despite verbal and written instruction to cease calls to her place of employment, Santander's agents routinely call Ms. Haynes at her place of employment multiple times per day.

23. Santander has also made a large number of harassing and repeated telephone calls to Ms. Haynes' cell phone, and Santander has used illegal pre-recorded messages, automatic dialers, and predictive dialers in contacting Ms. Haynes on her cell phone.

6

24.     Ms. Haynes has never provided Santander with permission to contact her cell phone with pre-recorded messages, automatic dialers, or predictive dialers, and she had, in fact, asked Santander not to call her regarding the alleged debt on her cell phone.

25.     Santander's agents have also called Ms. Haynes' home telephone number an excessive number of times with the intent to harass.

26.     To assist in providing necessary medical care for her step-father, Ms. Haynes has shared her home during the past year with her mother, her step-father, and a medical caregiver.

27.     Santander's agents have repeatedly attempted to contact Ms. Haynes at her home telephone number, including times in which Santander's agents were fully aware that Ms. Haynes was at her place of employment.

28.     Due to his critical health condition, a medical caregiver has attempted to provide Ms. Haynes' step-father with full and complete rest throughout the day.

29.     In an attempt to coerce and embarrass Ms. Haynes into paying the alleged debt, Santander's agents made her home telephone number ring throughout the day and spoke on multiple occasions regarding the alleged debt with Ms. Haynes' mother and caregiver.

30. Ms. Haynes' mother pleaded with Santander's agents to cease contacting Ms. Haynes' home telephone number due to the critical health condition of her step-father.

31. Santander's agents ignored Ms. Haynes' mother's pleas and continued calling Ms. Haynes' home telephone number.

32. Ms. Haynes' step-father passed away on March 14, 2011.

33. Santander's agents have repeatedly threatened Ms. Haynes in an attempt to collect upon the alleged debt.

34. Santander's agents have attempted to belittle, abuse, and oppress Ms. Haynes in their attempts to collect upon the alleged debt.

35. Santander's agents have left numerous messages on Ms. Haynes' message service failing to disclose that the purpose of their communications was an attempt to collect upon the alleged debt.

36. In short, Ms. Haynes has been harassed, misled, deceived, coerced, and threatened in violation of the FDCPA, TCPA, and the common laws of the State of Alabama.

### FACTUAL ALLEGATIONS AS TO PLAINTIFF DAVIS

37. Plaintiff Davis initially financed a vehicle through HSBC. Santander thereafter acquired the loan from HSBC.

38. Santander's agents made numerous harassing telephone calls per day to Ms. Davis, often to her cell phone and often using recorded or artificial voice machines. Santander subsequently repossessed the vehicle.

39. Ms. Davis redeemed the vehicle from repossession by paying all the costs of the repossession, plus all the back interest. After redemption, Santander then billed Ms. Davis for an additional "repo fee" in the amount of $370.00, which was unrelated to the actual cost of repossession and which violated the loan agreement and § 607 of Article 9 of the Uniform Commercial Code.

40. Although Santander had no legal right to bill her for its made up $370.00 "repo fee," Ms. Davis was required to pay the fee or have her car repossessed again. Having no choice, Ms. Davis paid the fee.

41. Santander has a uniform practice of charging unlawful made up "repo fees."

## CLASS ACTION ALLEGATIONS

42. Ms. Davis seeks to represent a nationwide class pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The class which Ms. Davis seeks to represent is composed of and defined as: All persons in the United States who are current or former customers of Santander within the previous six years.

43. This action has been brought and may properly be maintained as a class action pursuant to the provisions of the Rule 23(a)(l)-(4) and Rule 23(b) of the Federal Rules of Civil Procedure, and satisfies the numerosity, commonality, typicality, adequacy and superiority requirements thereof because:

    a. The plaintiff class is so numerous that the individual joinder of all members is impracticable under the standard of Fed. R. Civ. P. 23(a)(l).

    b. Common questions of law and fact exist as to all members of the class, as required by Fed. R. Civ. P. 23(a)(2), and predominate over any questions which affect only individual members of the class within the meaning of Fed. R. Civ. P. 23(a)(2). These common questions of law and fact include, without limitation:

        i. Whether defendant has engaged in a violation of law as alleged herein;

        ii. Whether defendant by nature of its wrongful conduct is liable for damages and losses resulting from the conduct alleged herein; and

        iii. Whether the defendant had a policy and uniform practice with respect to harassing, misleading, charging, and collecting unauthorized fees.

    c.    Ms. Davis' claims are typical of the claims of the members of the class under Fed. R. Civ. P. 23(a)(3). The representative plaintiff and all members of the class sustained damages arising out of defendants' common course of conduct in violation of law as complained herein. The losses of each member of the class were caused directly by defendants' wrongful conduct in violation of law as alleged herein.

    d.    The representative plaintiff will fairly and adequately protect the interests of the class as required by Fed. R. Civ. P. 23(a)(4). Plaintiff has no interests, which are adverse to the interests of the class members. Plaintiff was harassed, mislead, and charged unauthorized fees by defendants. Plaintiff has retained counsel, who have substantial experience and success in the prosecution of class action and consumer litigation.

    e.    The scheme affected all class members similarly. Plaintiff and all members of the class were treated the same. As a result, the issues which affect the plaintiff and the class members in

common predominate over those which affect only the interest of any particular class member. Thus, common questions of law and fact greatly predominate over questions of law or fact affecting only individual members of the class.

      f.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy under Fed. R. Civ. P. 23(b) since individual joinder of all members of the class is impracticable. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of adjudication of such individualized litigation would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of the factual issues of the case. By contrast, the conduct of this action as a class action presents far fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each class member.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

44. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments on this complaint as if fully set forth herein.

45. Santander engaged in conduct the natural consequence of which was to harass, oppress, and abuse the plaintiffs and the class and generally engaged in collection activities and practices in violation of the FDCPA with respect to alleged consumer debts, including, but not limited to, § 1692c, d, e, f, and g.

46. Santander has violated § 1692c by improperly communicating with third parties in attempting to collect alleged debts.

47. Santander has violated § 1692d by using harassment and/or abusive means in attempting to collect upon the alleged debt.

48. Santander has violated § 1692e by using false representations and/or deceptive means in attempting to collect alleged debts.

49. Santander has violated § 1692f by using unfair and/or unconscionable means in attempting to collect alleged debts.

50. Santander also has failed to provide proper validation of the debts as required by § 1692g.

51. As a proximate result of Santander's actions, plaintiffs and class members were caused to suffer harm.

52. Plaintiffs and class members are entitled to an award of statutory damages, costs, attorneys' fees, and actual damages for Santander's violations of the FDCPA.

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for statutory and compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## SECOND CLAIM FOR RELIEF

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

53. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

54. Santander has violated the TCPA by the calls made to plaintiffs and class members. The violations include the use of automatic telephone dialing systems and artificial and prerecorded voice messages directed to cell numbers.

55. Santander's actions were done willfully or knowingly.

56. Plaintiffs and class members are entitled to an award of statutory damages for Santander's violations of the TCPA.

57. Each call is a separate violation and entitles plaintiffs to statutory damages against Santander in the amount of at least Five Hundred Dollars ($500.00) per call. Because the violations by Santander were committed willfully and knowingly, plaintiffs request that a statutory damage of One Thousand Five Hundred Dollars ($1,500.00) per call be assessed pursuant to 47 U.S.C. § 227(b)(3).

Wherefore, premises considered, plaintiffs and the class demand judgment against Santander for statutory and compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## THIRD CLAIM FOR RELIEF

## BREACH OF CONTRACT

58. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

59. Defendants had a contract with plaintiffs and each member of the class.

60. Defendants breached their contract with plaintiffs and class members by imposing unauthorized fees, including but not limited to late fees, which were not due, and repossession fees.

61. As a consequence of defendants' breach of contract, plaintiffs and class members have suffered damages.

Wherefore, premises considered, plaintiffs and the class demand judgment against defendants for compensatory damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## FOURTH CLAIM FOR RELIEF

## MS. HAYNES' COMMON LAW CLAIMS

62. Plaintiffs re-allege and incorporate the preceding paragraphs and subsequent factual averments of this complaint as if fully set forth herein.

63. Defendants negligently and/or wantonly failed to prevent and/or participated in the improper collection activities.

64. Defendants undertook a series of telephone calls and communications to Ms. Haynes, which constituted an invasion of her right to privacy.

16

65. As a proximate result of the invasion of Ms. Haynes' right to privacy and as a result of the use of threats and coercion, defendants' actions constitute an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and cause great mental and physical pain and damage.

66. Defendants' actions and/or omissions constitute a negligent and/or reckless training, supervision, and retention of the personnel hired for the purpose of managing and/or collecting upon the alleged debt.

67. Defendant Drive is liable to Ms. Haynes through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by Defendant Santander and its employees, including but not limited to the violations of the FDCPA and TCPA, in their attempts to collect the alleged debt from Ms. Haynes.

Wherefore, premises considered, Ms. Haynes demands judgment against defendants for statutory, compensatory, and punitive damages, plus interest, costs and such additional relief as the Court may deem appropriate or to which plaintiffs and the class may be entitled.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiffs seek the following relief:

(a) Following appropriate discovery, an order certifying this cause as a nationwide class action pursuant to Fed. R. Civ. P. 23, with appropriate subclasses as the Court deems appropriate, and notice as applicable to the absent class members, appointing Ruth Davis as class representative, and appointing D. Frank Davis and John E. Norris as class counsel;

(b) A declaration that Santander's nationwide pattern and practice of conduct as alleged herein constitutes a violation of the FDCPA, the TCPA, and breach of contract with respect to the plaintiffs and the class;

(c) Statutory damages of One Thousand Dollars ($1,000.00) from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(d) Statutory damages of One Thousand Five Hundred Dollars ($1,500.00) per call from Santander for violations of the TCPA pursuant to 47 U.S.C. § 227(b)(3);

(e) Costs and reasonable attorneys' fees from Santander for violations of the FDCPA pursuant to 15 U.S.C. § 1692k;

(f) Appropriate injunctive relief requiring Santander to stop violating the FDCPA and the TCPA and breaching their contracts;

(g) Actual, compensatory, and punitive damages against Defendants on Ms. Haynes' claims;

(h) Interest and costs; and

   (i) Such further and different relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiffs demand trial by struck jury of all issues.

            /s/ D. Frank Davis_____
            D. Frank Davis
            One of the Attorneys for Plaintiff

**OF COUNSEL:**
D. Frank Davis (DAV009)
John E. Norris (NOR041)
Tyler C. Vail (VAI002)
Wesley W. Barnett (BAR141)
Courtney L. Peinhardt (PEI001)
Davis & Norris, LLP
The Bradshaw House
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
fdavis@davisnorris.com
jnorris@davisnorris.com
tvail@davisnorris.com
wbarnett@davisnorris.com
courtney@davisnorris.com


W. Whitney Seals
PATE & COCHRUN, LLP
P.O. Box 10448
Birmingham, Ala. 35202-0448
Telephone: (205) 323-3900
Fax: (205) 323-3906
filings@plc-law.com

Dustin J. Kittle (KIT011)
William B. Beckum (BEC031)
BECKUM KITTLE LLP
6919 Hwy 119 South, Suite 300
Alabaster, Ala. 35007
Telephone: (205) 358-3100
Fax: (205) 358-3033

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing document by Electronic Filing, or, if the party does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 28th day of July, 2011:

> R. Frank Springfield
> Zachary D. Miller
> BURR & FORMAN LLP
> 3400 Wachovia Tower
> 420 North 20th Street
> Birmingham, Alabama 35203

                /s/ Courtney L. Peinhardt_____
                Courtney L. Peinhardt (PEI001)
                One of the Attorneys for Plaintiff